## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ASHFAQ HUSSAIN,

     *Petitioner,*

    v.

J.L. JAMISON, et al.,

     *Respondents.*

CIVIL ACTION

NO. 26-4263

## <u>ORDER</u>

**AND NOW**, this 24th day of June, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.     **Hussain is not subject to mandatory detention under 8 U.S.C.**

    **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

    discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In March of 2024, Ashfaq Hussain—a native and citizen of Pakistan—presented himself at the U.S. border and sought asylum. (Pet. ¶¶ 18–19, Dkt. No. 1.) Immigration officials paroled him into the country, and he moved to the Philadelphia area. (*Id.* ¶ 20.) Officials took him into custody around June 19, 2026 and sent him to the Philadelphia Federal Detention Center, which is where is currently detained under 8 U.S.C. § 1225(b)(2) without a bond hearing. *See* (*Id.* ¶¶ 3, 10, 16, 21).

    Hussain filed a federal *habeas* petition on June 22, 2026, alleging violations of due process, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* at 10–15.) He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing. (*Id.* at 15–16.) The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026). Hussain was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him. Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. The Court need not address his due process or APA claims.

2.   **On or before July 1, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Hussain with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Hussain may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.